UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOYCE STREIT and GERALD STREIT, | Case No. 2:18-cv-00389-APG-PAL |
| Plaintiffs, | |
| v. | **ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |
| SCOTT STREIT and COMPUTER SCIENCE INNOVATIONS, | |
| Defendants. | |

This action originally was filed in Nevada state court and the defendants removed it to this Court on the basis of diversity jurisdiction. ECF No. 1. The complaint and notice of removal do not identify the citizenship of the members of defendant Computer Science Innovations, which is identified as a Texas limited liability company, so I directed the defendants to show cause why this case should not be remanded. ECF No. 5. Because complete diversity is lacking, I remand this case to the state court.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus, Inc.*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election*

*Comm'n,* 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

The defendants' response shows diversity jurisdiction is lacking. Title 28 U.S.C. § 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The plaintiffs are Nevada citizens. ECF No. 1-1 at 3. Thus, for diversity to exist, no defendant can be a Nevada citizen.

Defendant Computer Science Innovations is a Texas limited liability company whose only member is the Scott Streit Trust u/a/d September 9, 2013. ECF No. 12 at 2. A limited liability company is a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Consequently, the citizenship of the trust determines Computer Science Innovations' citizenship. A trust has the citizenship of its trustee or trustees. *Id.* (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980)). The trust has a distribution trustee who is a Nevada citizen. ECF No. 12 at 2. Consequently, complete diversity is lacking, so I remand this case to state court.

IT IS THEREFORE ORDERED that the case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED THIS 20th day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE